**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Barefoot et. al. Act 250 Application**                    **Docket No. 46-4-12 Vtec**
**(Appeal from District 5 Envtl. Commission determination)**

Title: Motion to Dismiss Applicant-Appellants' Question 9 (Filing No. 2)

Filed: May 24, 2012

Filed By: Interested Person Francis Kincaid (Kinny) Perot

Response filed on 7/2/2012 by Applicant-Appellants


___ Granted                    _X_ Denied                    ___ Other


On December 30, 2011 the District 5 Environmental Commission ("the Commission") denied an Act 250 permit application submitted by Applicants Tom Barefoot III, Joni Zweig, and True North Wilderness Programs, LLC ("Applicants") to operate a wilderness therapy program on a 25-acre tract owned by Barefoot/Zweig off Dana Hill Road in the Town of Waitsfield, Vermont. Applicants appealed the decision on April 2, 2012, and Interested Person Francis Kincaid Perot ("Ms. Perot") filed a cross-appeal on May 4, 2012.

On May 24, 2012, Ms. Perot filed a motion to dismiss Question 9 of Applicants' Statement of Questions.[1] Question 9 asks whether Ms. Perot "satisf[ies] requirements for Party Status on Criteria 4 and 10."[2] Simultaneously with this motion to dismiss Question 9, Ms. Perot filed a motion for party status under Act 250 criteria 4 and 10 as well as under criteria 1, 2, 3, 5, 8, and 9. On the same date, she also filed a Statement of Questions that we understand to encompass both her party status motion and her cross-appeal. On July 2, 2012, Applicants moved to dismiss all of the 27 questions in Ms. Perot's Statement of Questions.

The basis for the motion to dismiss Applicants' Question 9 (which questions the propriety of Ms. Perot's party status) was Ms. Perot's argument that party status may be challenged <u>only</u> through a motion to dismiss filed pursuant to V.R.E.C.P. 5(d)(2) and not in an appellant's statement of questions. We do not read V.R.E.C.P. 5(d)(2) so strictly as to impose such a constraint on how questions regarding party status may be raised. Challenging party status through a statement of questions has the same practical effect of moving to dismiss that party, and none of the Rules of Environmental Court Procedure prohibit a party from asking, in a statement of questions, whether an opponent satisfies party status requirements. In any case,

---

[1] Ms. Perot had previously filed a motion to dismiss Applicants' questions 1, 2, 3, 4, 5, 6, 7, and 9 on April 24, 2012, alleging that Applicants' notice of appeal referenced only the Commission's final action in this case (regarding a motion to amend) rather than the permit denial itself. We denied this motion to dismiss in an Entry Order also issued today.

[2] The Commission granted Ms. Perot final party status for criteria 4 and 10.

as Applicants <u>did</u> subsequently move to dismiss Ms. Perot's motion for party status on criteria 4 and 10 (among others), Ms. Perot's challenge to Applicants' Question 9 is now moot. We intend to address the legitimacy of Ms. Perot's party status in a separate decision that resolves the remaining motions pending in this appeal.

For the reasons stated above, Ms. Perot's motion to dismiss Applicants' Question 9 is **DENIED**.

_____      _____December 21, 2012_____
              Thomas S. Durkin, Judge                                    Date

========================================================================

Date copies sent: _____                              Clerk's Initials _____

Copies sent to:

  Atty Geoffrey H. Hand for Appellants Thomas Barefoot III, Joni Zweig, & True North Wilderness Program, LLC
  Attorney Rebecca Boucher, Co-Counsel for Appellants
  Attorney Catherine Gjessing for the Vermont Agency of Natural Resources
  Attorney David Grayck for Cross Appellant Frances Kincaid Perot
  Attorney Peter Gill for Interested Person Natural Resources Board/LU Panel.